HARRIS, Judge.
Prescott sued his brother’s estate claiming that funds belonging to him had been im *675 properly deposited into the estate account and considered an estate asset. He sought to impose a resulting or constructive trust against the estate to the extent of the funds so deposited. The court dismissed these counts "with prejudice because plaintiff had failed to timely file a claim against the estate. We affirm.
Prescott also sued Stanley, the personal representative of the estate, in his individual capacity, alleging that before Prescott’s brother’s death and at a time when Stanley was acting for Prescott’s brother pursuant to a power of attorney, Stanley breached his fiduciary duty by failing to send the change of beneficiary form to Kemper Investors Life Insurance Company which would have made Prescott the recipient of the annuity proceeds upon his brother’s death. The court dismissed the counts against Stanley, also with prejudice, in the same order in which it dismissed the counts against the estate. The only reason given for the dismissal was:
The court finds that the Plaintiffs failure to timely comply with the claim provision of § 733.702, Fla. Stat. in the probate file, the Estate of Aurin Prescott, Deceased, Case No. 94-650-CP bars further litigation on entitlement to the annuity.
We do not believe that the failure to comply with the claim provision bars an action against Stanley individually if he wrongfully diverted funds belonging to Prescott into the estate account. If Stanley is held accountable for his improper actions or omissions while acting under the power of attorney, he and not the estate will suffer the consequences. We agree, however, that the current pleadings do not properly plead a cause of action against Stanley. Prescott asked for leave to amend Ms pleadings and submitted a proposed amended complaint. The court refused to permit an amendment. We believe the refusal to permit an amendment under the facts of this case to have been an abuse of discretion and reverse. We remand to the trial court to permit an amendment as it relates to Stanley in his individual capacity.
AFFIRMED in part; REVERSED in part and REMANDED.
ANTOON, J., concurs.
DAUKSCH, J., concurs in part; dissents in part, with opimon.